## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **REPORT AND RECOMMENDATION RE** |
| Plaintiff, | ) | **MOTIONS TO PROCEED PRO SE AND FOR** |
| | ) | **THE APPOINTMENT OF CO-COUNSEL;** |
| vs. | ) | **ORDER DENYING MOTIONS TO POSSESS** |
| | ) | **ALL DISCOVERY AND TO RENEW ALL** |
| Robert Andrew Wolter, | ) | **PREVIOUSLY DENIED PRO SE MOTIONS** |
| | ) | |
| Defendant. | ) | Case No. 1:19-cr-048 |

On September 23, 2022, Defendant filed the following pro se:  (1) "Motion to Go Pro Se," (2) "Motion for Co-Counsel Representation;" (3) a "Request to Possess Discovery;" and (4) "Motion to Renew All Previous Pro Se Motions." (Doc. Nos. 70-73).  Judge Traynor has referred these motions to the undersigned for preliminary consideration.

On October 17, 2022, the undersigned convened a <u>Faretta</u> hearing/motion hearing.  For the reasons that follow, the undersigned concludes that Defendant has not clearly and unequivocally waived his right to court-appointed counsel and elected to represent himself in this matter. Accordingly, the undersigned recommends that the Defendant's "Motion to Go Pro Se" and "Motion for Co-Counsel Representation" be denied without prejudice.  The undersigned denies Defendant's "Request to Possess Discovery" and " Motion to Renew All Previous Pro Se Motions."

## I.      BACKGROUND

Defendant is charged in Indictment with the offense of bank robbery in violation of 18 U.S.C. § 2113(a).  (Doc. No. 1).  Finding him financially eligible for court-appointed counsel, the court appointed the Federal Public Defender's Office to represent him in this matter.  (Doc. No. 14). The trial in this case is currently scheduled for December 13, 2022, at 9:30 AM in Bismarck before

Judge Traynor.  (Doc. No. 69).

On September 23, 2022, Defendant filed four pro se motions that are to a degree interrelated. In his motions, he first requests that he be permitted to represent himself at trial.   (Doc. No. 72). Second, he requests that, should the court permit him to represent himself at trial, it appoint co-counsel to assist him.  (Doc. No. 71).  He "defines 'co-counsel representation' as [him] being pro se with [his] counsel as his co-counsel, not standby counsel."  (Id.).  Third, he requests that he be allowed to retain personal possession of all of the discovery in this case. (Doc. No. 70).   Finally, he requests to renew all of his previously filed pro se motions.  (Doc. No. 73).[1]

## II.   DISCUSSION

### A.   Defendant's "Motion to Go Pro Se" and for "Motion for Co-Counsel Representation"

#### 1.   Governing Law

The Sixth Amendment guarantees a defendant the right to represent himself at trial.  Faretta v. California, 422 U.S. 806, 818-821 (1975). "Even though a defendant may conduct his own defense to his detriment by relinquishing the benefits associated with the right to counsel, his choice must be honored." United States v. Turner, 644 F.3d 13, 720 (8th Cir. 2011).

"Courts must indulge every reasonable presumption against a waiver of counsel." Buhl v. Cooksey, 233 F.3d 783, 790 (3d Cir. 2000). "In order to overcome this presumption, and conduct his/her own defense, a defendant must clearly and unequivocally ask to proceed pro se." Id. If a defendant's request to assert his right to self-representation is clear and unequivocal, a Faretta

---

[1]  Defendant previously filed pro se motions for substitution of counsel, for release from custody, and for a continuation of trial that the court denied without prejudice or otherwise deemed as moot in an order dated December 21, 2021.  (Doc. No. 64).

hearing must follow.  Finch v. Payne, 983 F.3d 973, 980 (8th Cir. 2020) (citing United States v. Kelley, 787 F.3d 915, 918 (8th Cir. 2015)).

At a Faretta hearing, and before a defendant may be allowed to exercise his right to self-representation, he must knowingly and voluntarily relinquish his right to counsel. Turner, 644 F.3d at 720-21.  The adequacy of the waiver depends on the particular facts and circumstances of each case, including the background, experience, and conduct of the accused.  Id. at 721. Before allowing a defendant to waive his right to counsel, the district court must question the defendant about his knowledge of the right and adequately warn him of the dangers and disadvantages involved in proceeding pro se. Shafer v. Bowersox, 329 F.3d 637, 647-48 (8th Cir. 2003); United States v. Stanley, 891 F.3d 735, 738 (8th Cir. 2018). "Warnings of the pitfalls of proceeding to trial without counsel ... must be 'rigorous[ly]'conveyed." Iowa v. Tovar, 541 U.S. 77, 89 (2004) (alteration in original), quoting Patterson v. Illinois, 487 U.S. 285, 298 (1988). Counsel may be waived if the defendant "knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835.

### 2.    Analysis

At the Faretta hearing on October 17, 2022, undersigned conducted a colloquy with Defendant to determine whether he was voluntarily, knowingly and intelligently waiving his right to counsel. Specifically, the undersigned inquired about Defendant's ability to conduct his own defense, questioning him about his background generally, his knowledge of the applicable rules of law, and his familiarity with the court's practices and the rules of criminal procedure.  In response, Defendant acknowledged that he has little practical knowledge or experience in these areas and that his court-appointed counsel would be better equipped than him to handle pretrial matters and well

as the trial itself.  He then explained that it was his preference that he be allowed to deliver an opening statement or to otherwise address the jury but that counsel handle everything else.  In other words, he expressed what can be best described as a desire for a hybrid representation.  In so doing, he echoed the statements that he made in his "Motion for Co-Counsel Representation."  There, he recognized that he "is likely unable emotionally to comment on or present relevant evidence in trial" and made it clear that he requires more than standby counsel as he "wants his co-counsel to question witnesses." (Doc. No. 71).  When advised by the undersigned that the court is unlikely to authorize such an arrangement and that proceeding pro se is an "all or nothing proposition,"  defendant tentatively agreed to further confer with his court-appointed counsel to reassess his role and counsel's role going forward.

The undersigned finds Defendant's waiver of counsel to be inadequate under the circumstances. Accordingly, the undersigned recommends that the court deny Defendant's "Motion to Go Pro Se" without prejudice as he has not unequivocally waived his right to court-appointed counsel and clearly elected proceed pro se at this time.  As Defendant has not clearly elected to proceed pro se and is currently being represented by court-appointed counsel, the court can and should deny is request for the appointment of co-counsel without prejudice as well.  The undersigned shall next turn to Defendant's remaining two requests/motions.

B.      Defendant's  "Request to Possess Discovery"

Defendant requests that he be allowed to retain possession of all discovery materials in this case.  The parties are bound by a Stipulated Discovery Order and Protective Order, which allows Defendant to retain possession of some but not all of discovery produced by the United States.  Specifically, the order provides:

> Grand jury testimony, Jencks Act statements, and other discovery material will remain in the sole custody of the party's attorney or the agent working on behalf of the attorney and shall not be left with the defendant or any third party. The prohibition on leaving materials with the defendant or third party shall not apply to items discoverable under Fed R. Crim. P. 16 and, to the extent they are intended for use as evidence in case-in-chief at trial, copies of documents, tangible objects, and reports of examinations and tests. Other than for uses associated with representation of the defendant in the criminal case now pending, the defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements, or exhibits. If the attorney for the defendant is subsequently allowed to withdraw from this case, and a new attorney is appointed or retained, the withdrawing attorney shall return discovery to the United States, or destroy the discovery. The new attorney shall be subject to the terms of this Order. For defendants who are detained pending trial may modify this paragraph on a case-by-case basis without leave of the Court. Any modification of this paragraph must be in writing and approved by the United States Attorney or his designee.

(Doc. No. 26) (emphasis in original).

While Defendant generally has a right to review the discovery materials that will be used against him at trial, United States v. Hung, 667 F.2d 1105, 1108 (4th Cir.1981), these principles do not mandate Defendant's possession of all discovery materials in pretrial detention. See e.g., United States v. Youker, No. 2:14-CR-0152-SMJ-1, 2015 WL 13864169, at *2 (E.D. Wash. Apr. 30, 2015) (noting that while a pro se defendant is entitled to review discovery, this does not mean he is entitled to all discovery materials in pretrial detention, especially given that the court appointed the defendant standby counsel); see also United States v. Ruth, No. 1:18-CR-00004 EAW, 2020 WL 3063939, at *3 (W.D.N.Y. June 9, 2020) ("[R]easonable restrictions on Defendant's access to the materials in a jail setting are ... appropriate."); United States v. Gerard, No. 3:16-CR-270, 2018 WL 4113351, at *3 (W.D.N.C. Aug. 29, 2018) (denying criminal defendant's motion to retain and review all discovery materials while in jail); Johnson v. United States, No. 2:07-CR-00924-DCN-3, 2014 WL 295157, at *5 (D.S.C. Jan. 27, 2014) (opining that it was not improper to restrain counsel from leaving discovery materials with the petitioner in jail to safeguard the material contained therein);

cf. In re Bragg, 2012 WL 566958, at *3 (W.D. Va. Feb. 21, 2012) (noting that standard practice is to restrict discovery materials to the possession of defense counsel).

There is nothing in the record to even remotely suggest that counsel or counsel's representative have been unwilling or unable to meet with defendant so that he can read and review the discovery in his case.  Thus, it would appear that Defendant has ongoing access to all of the discovery materials that he does not currently hold in his possession through either counsel or counsel's representative.  As Defendant was equivocal as to whether he wanted to represent himself in this matter and continues to rely on his court-appointed counsel at present, he continues to have access to all of the discovery materials.  The undersigned therefore concludes that there is no compelling reason to modify the Stipulated Discovery Order and Protection Order.  Defendant's motion to retain possession of all discovery in this case is therefore denied without prejudice.

C.     **Defendant's "Motion to Renew All Previous Pro Se Motions**"

Defendant final request is that "that all his prior pro se motions and letters to the court remain relevant, and be considered by the presiding judge regardless of whether or not [his] co-counsel representation or pro se status are granted."  (Doc. No. 73).  Although it may provide Defendant with little solace, his pro se filing remain part of the record.  To the extent that defendant is seeking to resuscitate any and all of his previously denied pro se motions, his request is **DENIED**. If there is particular relief that Defendant seeks,  he will have to file a new motion.

III.     <u>**CONCLUSION AND RECOMMENDATION**</u>

The undersigned **RECOMMENDS** that the court **DENY** without prejudice Defendant's "Motion to Go Pro Se" (Doc. No. 72) and "Motion for Co-Counsel Representation" (Doc. No. 71). D.N.D. Civil L.R. 72.1(D)(3) provides that any party may object to this recommendation within

fourteen days.  However, as the undersigned is recommending the denial of Defendant's motions without prejudice, the court need not wait fourteen days before taking action on the undersigned's recommendation.

The undersigned **DENIES** Defendant's "Request to Possess Discovery" (Doc. No. 70) and "Motion to Renew All Previous Pro Se Motions" (Doc. No. 73) without prejudice.

Dated this 18th day of October, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court